JOHN BLAIR, Jun. *against* SAMUEL K. SNOVER.

### CERTIORARI.

If two partners agree to divide an account against a joint debtor, equally between them, and the debtor consents to it, and promises to one of the partners his moiety of the debt, the partner to whom the promise was made may maintain an action for his half of the account.

On the trial of the appeal, before Warren Common Pleas, the Court nonsuited the plaintiff, because the state of demand did not set out a legal cause of action.

*W. C. Morris,* for the plaintiff, in *certiorari,* moved to reverse the judgment of the Common Pleas, and contended that the state of demand set forth a sufficient cause of action.

EWING, C. J. The state of demand in this case exhibits a legal cause of action.

Snover was indebted to John Blair, junior, and John S. Blair, as partners. A dissolution of the partnership took place. The account between them and him was then adjusted. The late partners agreed that the account should be equally divided between them, and each receive a moiety. Of this agreement Snover was informed. He consented to it; and upon his express promise, then made to John Blair, junior, to pay him one moiety of the debt, this action was brought.

A promise and a sufficient legal consideration for it are shewn in the state of demand. Although the debt was originally joint, yet with the consent of the debtor it might be severed. Each partner being entitled to an equal interest in the partnership concerns, an undivided moiety of each debt was in reality due to him; and no principle could forbid the partners, with the assent of the debtor, from dividing a debt, any more than any other partnership prop-

erty; since with his assent no impracticability of making a division existed; nor could any principle forbid the debtor from becoming separately responsible to each, for what, in all, he was bound to both.

In *Garret* v. *Taylor, Esp. Dig.* 117, three persons had employed the defendant to sell some timber for them, in which they were jointly concerned; to two he had paid their exact proportion, and they had given him a receipt in full of all demands. The third brought this action for the remainder, being his share, and an objection being made, that this was a joint employment, by three, one alone could not sue. Lord Mansfield, held that where there had been a severance as in this case, one alone might sue. In *Austin* v. *Welsh,* 2. *Mass.* 401, it was held that no agreement between partners themselves, to sever their interests, would entitle either of them to sue alone, but if such agreement was made between them and communicated to a person jointly accountable to them, and he had consented to the severance, and to account with each for his part, he would be responsible to each for his part; and in that case a moiety was under such circumstances recovered. Chief Justice Parsons, in delivering the opinion of the court, said, "The consent might be either express or implied. If a factor should in fact account with, and pay one partner his share, and thereby discharge all his interest in the partnership, this would be an implied engagement to account with each partner separately."

The Court of Common Pleas in my opinion, erred in ordering a judgment of non-suit "on the ground" as stated in the action to the *certiorari,* "that no legal cause of action was set out in the state of demand."

Upon the reversal of this judgment a question occurs, what farther is to be done? Are we simply to reverse and leave the plaintiff below to the prosecution of a new suit, and thus without his default deprive him, through the error of the Court of Common Pleas, of the advantage resulting

from the judgment he had obtained? Are we, as some have contended, to send the cause to trial at the Circuit, and thereby in many cases impose on the parties an expense greater than the amount in controversy? On consideration, I am satisfied there are some cases in which a reversal only should be ordered; in others, and the present is one of them, the cause should be remitted to the Court of Common Pleas, in order that the judgment given by them, being now removed out of the way, the appeal may be farther prosecuted there, and be heard and determined according to law·

Let the judgment of non-suit be reversed, and the record and proceedings be remitted to the Court of Common Pleas.

DRAKE, J.   The court below non-suited the plaintiff, because no legal cause of action was set out in his state of demand.   By that, it appeared that after the dissolution of a partnership between the plaintiff and one John I. Blair, the debts owing to the late firm were divided between them, and among others, a debt due from the defendant.   The late partners called on the defendant, and stated the arrangement between them, and the amount of his debt, which he admitted, " and in consideration of the premises, undertook and promised the said John Blair, jun., to pay over to him one moiety of the said account, to wit, the sum of $159.82. The declaration further states, that after paying $100, in pursuance of this agreement, he had refused to pay the residue, for which this action was brought.

The objection appears to have been, that it was a partnership claim, and therefore should have been sued for in the names of both the partners.   But the debt, in equity, was due to the two partners, in such proportions as they should agree.   And after they had agreed what proportion of the debt belonged to each of them, the original debt certainly constituted a good consideration to support promises to pay, to the partners individually, the sums to which they

were, by such agreement, respectively entitled. And the defendant having made the promise stated in the declaration, there can be no good reason why an action should not lie to enforce it.